CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

FEB 0 7 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BARRY C. PRETLOW AND LISA C. PRETLOW,<br><br>*Plaintiffs,*<br><br>v.<br><br>AFNI, INC.,<br><br>*Defendant.* | CIVIL NO. 3:07cv00029<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on November 21, 2007 (docket entry no. 16). Defendant asserts that Plaintiffs' Amended Complaint has not adequately specified a cause of action. For the following reasons, this motion is hereby GRANTED.

## I. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 1974. As the Fourth Circuit has held, a plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006).

## II. DISCUSSION

Having reviewed Plaintiffs' Amended Complaint, I cannot determine the basis upon which relief is sought. Paragraphs 9 through 14 of the Amended Complaint refer multiple times to violations of "the act" or "the statute" without specifying which act or statute. The only statutes referenced in the Amended Complaint are the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a, *et seq.*, and certain provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*[1]

By its terms, the portion of the FDCPA cited by Plaintiffs is not applicable on the facts alleged. Plaintiffs state that they requested debt validation pursuant to 15 U.S.C. § 1692g,[2] which Defendant failed to provide. However, § 1692g is triggered only upon a debt collector's

---

[1] Plaintiffs cite 15 U.S.C. §§ 1692a and 1692g in support of their FCRA claims. However, §§ 1692a and 1692g are in fact part of the FDCPA, a separate statute.

[2] "If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g.

"communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a). Moreover, the validation provision of § 1692g is triggered only by the consumer's receipt of the formal "written notice" that the debt collector is required to send under § 1692g. 15 U.S.C. § 1692g(a). Plaintiffs' have not alleged that they received any communications from Defendant which would form the basis of a debt validation claim. Their claim is based, rather, on communications between Defendant and certain credit reporting agencies. Section 1692g is therefore inapplicable on the facts pled.

In Paragraph 1 of the Amended Complaint, Plaintiffs allege that jurisdiction is proper based on the FCRA, but they do not specify the manner in which the FCRA might have been violated or is otherwise applicable to their claims. The FCRA runs to many dozens of pages and contains hundreds of sections and subsections. It is not the duty of the Court or the Defendant to parse the statute for Plaintiffs. In order to survive a motion to dismiss, Plaintiffs must "allege facts to allow the Court to infer that all elements of each of [their] causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d at 344–45. Plaintiffs have not identified a specific cause of action under the FCRA on which they wish to proceed, let alone pled facts on the relevant elements.

### III. CONCLUSION

Plaintiffs have failed to plead facts sufficient to state a claim upon which relief can be granted. Defendant's Motion is therefore GRANTED, and Plaintiffs' Amended Complaint is hereby DISMISSED without prejudice. Plaintiffs will have fourteen (14) days from the date of this Order to amend their Complaint to state a claim upon which relief can be granted.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: February 7, 2008

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE